UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Marcus A. Nussbaum, Esq. (MN 9581)
P.O. Box 7042
New York, NY 10116
201.956.7071
marcus.nussbaum@gmail.com
Attorney for Plaintiff
*UAB PAMARIO DVARAS*

| | |
|---|---|
| UAB PAMARIO DVARAS,<br><br>*Plaintiff,*<br><br>– *vs.* –<br><br>ATLANTIC GLOBAL, LLC., JEFF LELCHUK, ALEX FELDMAN, ANASTASIA MADISON, MILL WRIGHT LLC, GLOBAL ATLANTIC LOGISTICS LLC, LIMCO LOGISTICS, INC., and EMPIRE UNITED LINES CO., INC.,<br><br>*Defendants.* | CIVIL ACTION NO. _____<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff UAB PAMARIO DVARAS, ("UAB") by its undersigned attorney, by and for its complaint against the defendants Atlantic Global, LLC., Jeff Lelchuk, Alex Feldman, Anastasia Madison, Mill Wright LLC, Global Atlantic Logistics LLC, Limco Logistics, Inc. and Empire United Lines Co., Inc., states as follows:

**NATURE OF ACTION**

1.     This is an action in law for breach of maritime contract, unjust enrichment, quantum meruit, account stated, and fraud under state law, and for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. §§ 1961 et seq.

2.     As set forth in detail below, UAB is cargo forwarding company located at

1

Klaipeda seaport in Klaipeda, Lithuania. UAB operates a company which provides shipping, cargo forwarding, and other related services, and engages in the specific business of forwarding containerized automobiles received from the United States to various destinations across Europe. Defendants, Atlantic Global, LLC ("ATL"), Jeff Lelchuk, Alex Feldman, Anastasia Madison, and Global Atlantic Logistics LLC ("GAL") are direct customers of UAB, and contracted with UAB to use its cargo forwarding services to forward automobiles originally shipped from the United States to various locations across Europe upon the vehicles' arrival at the port in Klaipeda.

3. As further set forth in detail below, ATL and GAL arranged for the transport of the containerized automobiles to Klaipeda through Limco Logistics, Inc. and Empire United Lines Co., Inc.

4. UAB has been forced to bring the instant lawsuit in order to collect on amounts due and owing to UAB by the defendants, as a result of defendants' failure to pay for services rendered with regard to the forgoing. UAB has further been forced to bring the instant lawsuit in order to recoup for damages which it suffered as a result of the defendants' negligent and fraudulent activities, which include operating without the legally required licenses, and for failure to file paperwork in accordance with U.S. Customs law, as further set forth in detail below.

## THE PARTIES

5. Plaintiff UAB Pamario Dvaras is a Lithuanian corporation with its primary place of business at Baltijos Prospektas 117-111, Klaipeda, Lithuania.

6. Defendant Atlantic Global, LLC is a New Jersey limited liability corporation with its primary place of business at 1250 Newark Turnpike, Kearny, New Jersey 07032.

7. Defendant Jeff Lelchuk is a resident of the state of New Jersey with a last known

address of 1250 Newark Turnpike, Kearny, New Jersey 07032.

8. Defendant Alex Feldman is a resident of the state of New Jersey with a last known address of 1250 Newark Turnpike, Kearny, New Jersey 07032.

9. Defendant Anastasia Madison is a resident of the state of New Jersey with a last known address of 1250 Newark Turnpike, Kearny, New Jersey 07032.

10. Upon information and belief, defendant Mill Wright LLC ("MWL") is a New Jersey limited liability corporation with its primary place of business at 720 W. Edgar Road, Linden, New Jersey 07036.

11. Defendant Global Atlantic Logistics LLC is a Florida limited liability corporation with its primary place of business at 1901 S.W. 31st Ave., Pembroke Pines, Florida 33009.

12. Upon information and belief, Limco Logistics, Inc. ("Limco") is a Florida corporation, with its primary place of business at 12550 Biscayne Boulevard, Ste. 608, Miami, Florida 33181.

13. Empire United Lines Co., Inc. ("Empire") is a New York Corporation with its primary place of business at 2303 Coney Island Avenue, Brooklyn, New York, 11223-3337.

14. Jeff Lelchuk is the president and/or Chief Operating Officer of ATL.

15. Jeff Lelchuk is the president and/or Chief Operating Officer of GAL.

16. At all relevant times hereinafter mentioned, ATL and GAL were affiliated with each other.

17. At all relevant times hereinafter mentioned, ATL and GAL were united in interest such that they are one and the same.

18. At all relevant times hereinafter mentioned, ATL and GAL were the alter/egos of each other.

19. At all times hereinafter mentioned, MWL is and was licensed by the Federal Maritime Commission as an ocean freight forwarder and/or a non-vessel operating common carrier ("NVOCC") under license number 020785.

20. At all times hereinafter mentioned, Limco is and was licensed by the Federal Maritime Commission as an ocean freight forwarder and/or an NVOCC under license number 019196.

21. At all times hereinafter mentioned, Empire is and was licensed by the Federal Maritime Commission as an ocean freight forwarder and/or an NVOCC under license number 012052.

22. At all times hereinafter mentioned, ATL and GAL had used the services of Limco and Empire to arrange for and to purchase space aboard various ocean going vessels for the port to port transport of containerized automobiles, as further set forth below.

23. At all times hereinafter mentioned, the specific ocean going vessel and ports of destination for the containerized automobiles shipped from the United States by ATL and GAL, were chosen and designated solely by ATL and GAL.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over the claims in this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. §§ 1331 and 1333 as this matter relates to contracts for carriage of goods by sea from ports of the United States in foreign trade and thus comes under the Carriage of Goods by Sea Act ("COGSA"), and 46 U.S.C.S. § 30701.

25. This Court also has supplemental jurisdiction over strictly state law causes of action pursuant to 28 U.S.C.S. § 1367 as such claims are also related to the claims in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

26. This Court has personal jurisdiction over the all of the defendants because they reside in or transact business in this District.

27. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, in this District.

## FACTS COMMON TO ALL PARTIES

28. UAB is a cargo forwarding company located at Klaipeda seaport in Klaipeda, Lithuania. UAB assists its customers, which are mainly shipping companies, by receiving and storing containerized automobiles (alternatively referred to as "cargo containers") received from the United States that arrive in Klaipeda via ocean going vessels. UAB then forwards the cargo containers via truck or railroad to locations all over Europe at the direction and request of its customers.

29. Upon information and belief, Empire and Limco are shipping and freight forwarding companies that dispatch shipments from the United States via common carriers and book or otherwise arrange space for those shipments on behalf of shippers, or other NVOCC's.

30. ATL and GAL purport to be logistics services companies, and claim to provide services including, but not limited to ocean and air freight, ground transportation, auto shipping, customs brokerage, customs clearance, warehousing, tracking and tracing, and containerization, as set forth in their website, www.atlglobal.us. Upon information and belief, ATL and GAL prepare and file all export information through the Automated Export System (alternatively referred to as "AES"), which is the electronic means for filing export information and ocean manifest information directly to U.S. Customs.

31. ATL and GAL maintain an office/warehouse facility at 1250 Newark Turnpike, Kearny, New Jersey 07032, and additional facilities at 1901 S.W. 31st Ave., Pembroke Pines,

Florida 33009.

32. Upon information and belief, Jeff Lelchuk is the sole owner and President of ATL and GAL.

33. The operation and supervision of ATL's and GAL's day-to-day activities are conducted by Mr. Lelchuk, and by Alex Feldman and Anastasia Madison who also represent themselves to be officers and/or managers of both companies.

34. Upon information and belief, neither ATL nor GAL are licensed by the Federal Maritime Commission ("FMC"). According to records maintained by the Commission's Bureau of Certification and Licensing (BCL), ATL filed an application for a license as an ocean transportation intermediary (OTI) on or about March 16, 2011, but a search of the BCL's website failed to reveal an application on behalf of GAL.

35. Upon information and belief, ATL and GAL have held themselves out to the public to provide and have provided services as an ocean freight forwarder since at least 2008 and continue to do so.

36. As set forth below, ATL and GAL book shipments with licensed NVOCC's such as Limco, Empire, and others for transportation by water from U.S. origins to foreign destinations on behalf of their customers, and, upon information and belief, prepare and process documents in connection with those shipments, represents themselves on shipment documents as the forwarding agent, clear shipments with Customs for export, arrange for inland transportation of shipments to port, and assume responsibility for payment of ocean freight charges to the NVOCCs.

37. Section 19(a) of the Shipping Act, 46 U.S.C. §40901(a), provides that any person in the United States acting as an Ocean Transport Intermediary ("OTI") must hold a license

issued by the FMC. Section 19(b), 46 U.S.C. §40902(a), prohibits any person from acting as an OTI unless it furnishes to the FMC evidence of financial responsibility in a form and amount prescribed by the FMC. An OTI means an ocean freight forwarder or a nonvessel-operating common carrier. 46 U.S.C. §40102(19).

38.   An ocean freight forwarder means a person in the United States who dispatches shipments from the United States via a common carrier and books shipments on behalf of shippers and processes the documentation or performs other activities incident to those shipments. 46 U.S.C. §40102(18).

39.   The FMC's regulations implementing these provisions describe ocean freight forwarder services to include dispatching shipments on behalf of others from the United States via common carrier, ordering cargo to port, preparing and/or processing export declarations, booking, arranging for or confirming cargo space, preparing or processing delivery orders or dock receipts, clearing shipments in accordance with U.S. export regulations, handling freight or other monies advanced by shippers, or coordinating the movement of shipments from origin to vessel. 46 C.F.R. §515.2(i) and (o)(1).

40.   Upon information and belief, ATL and GAL, through the control and actions of Jeff Lelchuk, Alex Feldman and Anastasia Madison, hold out to and do provide the services described in the FMC's regulations for which a license is required.

41.   ATL and GAL are not licensed to act as an OTI, nor have they furnished evidence of financial responsibility to the FMC. Thus, ATL and GAL, Jeff Lelchuk, Alex Feldman and Anastasia Madison have violated Section 19 of the Shipping Act, 46 U.S.C. §40901, 40902, and the FMC's regulations at 46 C.F.R. Part 515, by acting as an ocean freight forwarder without a license or evidence of financial responsibility.

42. Pursuant to U.S. customs export regulations, all export shipments must be declared to the U.S. Census Bureau by filing all export information through the Automated Export System.

43. Pursuant to U.S. customs export regulations, any individual or entity which files export information through AES is required to provide, as part of the filing process: (1) information which identifies the principal party of interest (the person in the U.S. who receives the primary benefit, monetary or otherwise, of the foreign transaction, known as the "USPPI"); (2) the consignee information (the shipment recipient); (3) a declaration of the value of the goods being shipped; and (4) the ultimate destination of the goods being shipped.

44. Pursuant to U.S. customs export regulations, only a forwarding agent may represent a USPPI in an export transaction, and must obtain a power of attorney or other written authorization in order to act on its behalf.

45. Beginning in 2009 through June of 2011, plaintiff received, stored, and forwarded numerous cargo containers shipped from the USA to Klaipeda, Lithuania, to be forwarded to various locations across Europe, at the direction and request of Jeff Lelchuk, Alex Feldman and Anastasia Madison, and on behalf of ATL and GAL.

46. In violation of U.S. Customs export regulations and all applicable federal and state law, ATL and GAL fraudulently represented themselves to be the USPPI's for the aforementioned automobiles shipped from the United States to Klaipeda.

47. Beginning in 2009 through June of 2011, plaintiff received, stored, and forwarded numerous cargo containers shipped from the USA to Klaipeda, Lithuania, to be forwarded to various locations across Europe, at the direction and request of ATL.

48. Beginning in 2009 through June of 2011, plaintiff received, stored, and forwarded

numerous cargo containers shipped from the USA to Klaipeda, Lithuania, to be forwarded to various locations across Europe, at the direction and request of GAL.

49.     Upon arrival of the 40 cargo containers at the port in Klaipeda, ATL and GAL forwarded to plaintiff, via delivery by the United Postal Service or DHL Express, an original vehicle title and invoice, along with consignee information, and further instructions regarding delivery of the cargo containers to their ultimate destinations. Copies of the bills of lading for the cargo containers are annexed hereto as Exhibit "A".

50.     The value of the cargo containers shipped to Klaipeda by the defendants for which the defendants have not yet paid the plaintiff for its services is in excess of $2,700,000.00.

51.     At all times hereinafter mentioned, MWL was aware, and/or should have been aware of the fact that ATL and GAL had operated without the appropriate licenses as set forth above. MWL's neglect of this fact resulted in the issuance of bills of lading which contain incorrect information, copies of which are annexed hereto as Exhibit "B".

52.     At all times hereinafter mentioned, MWL had a duty to investigate whether ATL and GAL were authorized to engage the services of MWL in the manner set forth above.

53.     Upon information and belief, ATL and GAL for all relevant times, fail and have failed to operate in accord with corporate formalities, have operated as an alter ego of Jeff Lelchuk, Alex Feldman, and Anastasia Madison and vice-versa, and have been treated as a personal extension of Jeff Lelchuk, Alex Feldman, and Anastasia Madison and vice-versa.

54.     Jeff Lelchuk, Alex Feldman, and Anastasia Madison exercised complete domination and control over ATL and GAL and used such control to commit the acts set forth in the following causes of action.

55.     Jeff Lelchuk, Alex Feldman, and Anastasia Madison have operated the business

of ATL and GAL without the proper licenses and have perpetrated the fraud and other acts set forth below with the intent to hide behind the corporate structure of ATL and GAL, which, upon information and belief, are inadequately capitalized in the event that a judgment is rendered against ATL and GAL.

56. The forgoing defendants' actions warrant that this Court disregard the corporate structure and hold them personally liable for their wrongdoings for each and every cause of action set forth below.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Breach of Contract: ATL and GAL)

57. Plaintiff hereby incorporates by reference the allegations set forth above.

58. During the time period beginning in 2009 through June of 2011, plaintiff entered into a series of agreements with ATL and GAL (the "Agreements").

59. Under the Agreements, plaintiff agreed to receive, store, and forward numerous cargo containers shipped from the USA to Klaipeda on behalf of ATL and GAL.

60. Plaintiff, in performance of the Agreements, received, stored, and forwarded all of the cargo containers shipped to Klaipeda by ATL and GAL in accordance with the terms of the Agreements.

61. ATL and GAL have materially breached the Agreements by failing and refusing to pay plaintiff the sum of $58,004.55 for the unpaid freight and other charges as itemized in Exhibit "C".

62. There is now due and owing to plaintiff under the Agreements a total of $58,004.55, no part of which has been paid although payment has been duly demanded.

63. By reason of the foregoing, plaintiff has been damaged in the amount of $58,004.55 together with late fees, all interest, attorneys' fees, costs and disbursements incurred

in connection with this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Unjust Enrichment: ATL, GAL, Limco, and Empire)

64. Plaintiff hereby incorporates by reference the allegations set forth above.

65. As set forth above, plaintiff duly performed its cargo forwarding and other services, and forwarded containerized automobiles to various locations across Europe for the benefit of ATL, GAL, Limco, and Empire.

66. The fair and reasonable value of the cargo forwarding and other services performed by plaintiff which has not been paid is $58,004.55.

67. ATL, GAL, Limco, and Empire have been unjustly enriched by virtue of their failure to pay consideration for the benefits provided by the plaintiff.

68. By reason of the foregoing the plaintiff has been damaged in the amount of $58,004.55 together with late fees and all interest, attorneys' fees, costs and disbursements incurred in connection with this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Quantum Meruit: ATL, GAL, Limco, and Empire)

69. Plaintiff hereby incorporates by reference the allegations set forth above.

70. The plaintiff performed cargo forwarding and other services for ATL, GAL, Limco, and Empire at the request of ATL, GAL, Limco, and Empire.

71. Plaintiff's services were accepted by ATL, GAL, Limco, and Empire.

72. The fair and reasonable value of such services performed is $58,004.55.

73. To date, plaintiff has not received payment on the outstanding balance of $58,004.55.

74. Demand for payment of the $58,004.55 has been made by plaintiff, no part of

which has been paid.

75.     By reason of the foregoing, plaintiff is due the sum of $58,004.55, from ATL, GAL, Limco, and Empire together with all late fees, interest, attorneys' fees, costs and disbursements incurred in connection with this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Account Stated: ATL and GAL)

76.     Plaintiff hereby incorporates by reference the allegations set forth above.

77.     Plaintiff rendered to ATL and GAL a full and true account of the cargo forwarding and other services performed by the plaintiffs or on their behalf for ATL and GAL in the sum of $58,004.55.

78.     The aforesaid account totaling $58,004.55 was delivered to, accepted and retained by ATL and GAL, but no part of which has been paid, leaving a balance due and owing of $58,004.55 by ATL and GAL to plaintiff.

79.     By reason of the foregoing, an account was stated between plaintiff and ATL, and GAL of a balance due and owing of $58,004.55, plus interest.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Common Law Fraud: ATL, GAL, Jeff Lelchuk, Alex Feldman, and Anastasia Madison)

80.     Plaintiff hereby incorporates by reference the allegations set forth above.

81.     As set forth above, the plaintiff entered into a series of agreements (the "Agreements") with the defendants whereby plaintiff agreed to receive store, and forward numerous vehicles shipped from the USA through Klaipeda on behalf of ATL and GAL.

82.     Pursuant to the Agreements, plaintiff duly performed the cargo forwarding and other related services and received, stored, and forwarded all of the vehicles shipped to Klaipeda by ATL and GAL in accordance with the terms of the Agreements.

83. The defendants, during the course of negotiations concerning the Agreements and during their execution and performance, failed to disclose that ATL and GAL were operating without an OTI license.

84. The defendants, during the course of negotiations concerning the Agreements and during their execution and performance, misrepresented themselves to be the sellers and/or owners and/or USPPI's of certain vehicles shipped to Klaipeda by the defendants.

85. The defendants, during the course of negotiations concerning the Agreements and during their execution and performance, failed to adhere to numerous document filing requirements under both U.S. and International law pertaining to the shipment of automobiles. This failure included making misrepresentations regarding the ownership and chain of custody of the containerized automobiles.

86. Defendants failure to adhere to the law and to file the appropriate or accurate documentation for its vehicles ultimately resulted in the failure by defendants to identify the owner of a vehicle which had been shipped to Klaipeda by the defendants, which is, to wit: a 2009 Ford F-150, Vehicle Identification Number 1FTPX14VX9FA04637 (the "F150"). Copies of the documentation for the F150 are annexed hereto as Exhibit "D".

87. Defendants, with the intent to deceive and defraud plaintiff, signed and gave to the plaintiff various shipping documents as set forth above, in order to induce plaintiff to receive and store said vehicle at plaintiff's own expense, with the assurance that plaintiff would be compensated for same.

88. Defendants have a legal obligation to provide plaintiff with documentation which would allow plaintiff to release or dispose of said vehicle, which to date defendants have failed and/or refused to do.

89. Defendants have further attempted to convince plaintiff to accept said vehicle as consideration for the amounts duly owed to plaintiff as set forth above.

90. Due to the defendants' acts as set forth above, plaintiff has been forced to store said vehicle at its own expense.

91. As a result of defendants foregoing activities, plaintiff was caused to incur additional legal expenses as a result of having to defend itself against an investigation filed with the Lithuanian authorities by the purported owner of said vehicle.

92. Accordingly, the sum of at least $21,000.00 together with applicable punitive and treble damages in an amount to be determined by the court, with all interest, attorneys' fees, costs and disbursements incurred in connection with this action, is due to plaintiff from the defendants.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence)

93. Plaintiff hereby incorporates by reference the allegations set forth above.

94. Defendants had a duty to plaintiff to exercise reasonable care in the filing of all export information pursuant to U.S. Customs export regulations.

95. Defendants Limco, Empire, and MWL had a duty to plaintiff to ensure that ATL and GAL were properly licensed and that they were operating within the bounds of all applicable State and Federal law.

96. Defendants breached the standard of care and were negligent in failing to file accurate export information which resulted in defendants' failure to identify the owner of the F150 as set forth above.

97. Defendants Limco, Empire, and MWL breached the standard of care and were negligent in failing to ensure that ATL and GAL were properly licensed, which resulted in

14

defendants' failure to identify the owner of the F150 as set forth above.

98. Defendants Jeff Lelchuk, Alex Feldman, and Anastasia Madison personally participated in the wrongful and negligent conduct of ATL and GAL as officers, members, and representatives of ATL and GAL, and are thereby personally liable to plaintiff.

99. Based upon the actions of Defendants, Plaintiff is allowed to pierce the corporate veil and hold Defendants personally liable for the wrongful acts of ATL and GAL under this cause of action.

100. As a result of the conduct of Defendants that was negligent, plaintiff has been damaged and suffered compensatory damages, economic loss, lack of use storage space, direct damages, all in an amount to be proven at the time of trial and not less than $21,000, together with all interest, attorneys' fees, costs and disbursements incurred in connection with this action.

## AS AND FOR A SEVENTH CAUSE OF ACTION
### (Gross Negligence)

101. Plaintiff hereby incorporates by reference the allegations set forth above.

102. Defendants ATL and GAL had a duty to plaintiff to exercise reasonable care in the filing of all export information pursuant to U.S. Customs export regulations.

103. Defendants ATL and GAL breached the standard of care and were negligent in failing to file accurate export information which resulted in defendants' failure to identify the owner of the F150 as set forth above.

104. Defendants Jeff Lelchuk, Alex Feldman, and Anastasia Madison personally participated in the wrongful and negligent conduct of ATL and GAL as officers, members, and representatives of ATL and GAL, and are thereby personally liable to plaintiff.

105. Based upon the actions of Defendants, Plaintiff is allowed to pierce the corporate veil and hold Defendants personally liable for the wrongful acts of ATL and GAL under this

cause of action.

106. As a result of the conduct of Defendants that was negligent, plaintiff has been damaged and suffered compensatory damages, economic loss, lack of use storage space, direct damages, all in an amount to be proven at the time of trial and not less than $21,000.

107. Upon information and belief, Defendants willfully and maliciously engaged in gross negligence, and in turn plaintiff is entitled to punitive damages in an amount not less than $100,000.

### AS AND FOR AN EIGTH CAUSE OF ACTION
**Violation of the Racketeer Influenced and Corrupt Organizations Act [18 U.S.C.A. §§ 1961 et seq.]: ATL, GAL, MWL, Jeff Lelchuk, Alex Feldman, and Anastasia Madison**

106. Plaintiff hereby incorporates by reference the allegations set forth above.

107. ATL, GAL, and MWL are enterprises engaged in, and the activities of which, affect interstate and international commerce, to wit: corporations incorporated under the laws of the States of New Jersey and Florida which conduct business pertaining to the worldwide sales, distribution, and/or service of automobiles.

108. Jeff Lelchuk, Alex Feldman, and Anastasia Madison, are persons within the meaning of 18 U.S.C.A. § 1961(3) and as persons employed by and/or associated with ATL and GAL, conducted and participated, directly and indirectly, in the conduct of the affairs of ATL and GAL through a pattern of racketeering activity in violation of 18 U.S.C.A. § 1962(c).

109. The predicate acts which constitute this pattern of racketeering activity are set forth above in the foregoing causes of action, and are, to wit: a pattern of defrauding various business owners (including, but not limited to the plaintiff) by providing the aforementioned services with false representations regarding their legal right to operate a business under Federal law.

110. As set forth above, said defendants had also fraudulently induced the plaintiff to store the unidentified Ford F-150 at their direction and request.

111. Upon information and belief, defendants have engaged in an ongoing scheme in which they have continued to hold themselves out as duly licensed to conduct their business, as set forth above.

112. These acts of racketeering, occurring within ten years of one another, constitute a pattern of racketeering activity within the meaning of 18 U.S.C.A. § 1961(5).

113. Plaintiff has been injured in their business by reason of this violation of 18 U.S.C.A. § 1962, in that, as a direct and proximate result of defendants' complained of acts, plaintiffs have suffered pecuniary damages of at least $79,004.55.

114. By reason of the Defendants' violation of 18 U.S.C.A. § 1962, plaintiffs are entitled, pursuant to 18 U.S.C.A. § 1964(c), to threefold the damages sustained or $237,013.65, with interest thereof, and reasonable attorney's fees in connection herewith.

**WHEREFORE**, Plaintiff prays for an order of the Court:

A. Awarding plaintiff a money judgment against defendants on its first count in the amount of $58,004.55 together with late fees, all interest, attorneys' fees, costs and disbursements incurred in connection with this action;

B. awarding plaintiff a money judgment against defendants on its second count in the amount of $58,004.55 together with late fees, all interest, attorneys' fees, costs and disbursements incurred in connection with this action;

C. awarding plaintiff a money judgment against defendants on its third count in the amount of $58,004.55 together with late fees, all interest, attorneys' fees, costs and disbursements incurred in connection with this action;

D. awarding plaintiff a money judgment against defendants on its fourth count in the amount of $58,004.55 together with late fees, all interest, attorneys' fees, costs and disbursements incurred in connection with this action;

E. awarding plaintiff a money judgment against defendants on its fifth count in the amount of at least $21,000.00 together with applicable punitive and treble damages in an amount to be determined by the court, with all interest, attorneys' fees, costs and disbursements incurred in connection with this action;

F. awarding plaintiff a money judgment against defendants on its sixth count in an amount not less than $21,000, together with all interest, attorneys' fees, costs and disbursements incurred in connection with this action;

G. awarding plaintiff a money judgment against defendants on its seventh count in an amount not less than $100,000;

H. awarding plaintiff a money judgment against defendants on its eighth count in the amount of $237,013.65, with interest, and reasonable attorney's fees;

I. Awarding plaintiff its disbursements incurred herein; and

J. Awarding plaintiff such other and further relief as the Court may deem just and proper.

/s/      Marcus A. Nussbaum
Marcus A. Nussbaum (MN-9581)

P.O. Box 7042
New York, NY 10116
marcus.nussbaum@gmail.com
Attorney for Plaintiff
*UAB PAMARIO DVARAS*

Dated: March 14, 2012