# The Law Office of Doyle & Doyle

636 Morris Turnpike
Short Hills, NJ 07078
Tel. (973) 467-4433
Fax (973) 467-1199
dgabel@doylelaw.net

Eleanor J. Doyle
Gerard S. Doyle, Jr.
David Donald Gabel

April 18, 2012

Via Facsimile (718)613-2185 and ECF
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room N406
Brooklyn, New York 11201

      Re: **UAB PAMARIO DVARAS v. ATLANTIC GLOBAL, LLC,** *et al.*;
      **Case Number: 12-CV-1257 (KAM)(RER)**

Dear Judge Matsumoto:

      We represent defendant Mill Wright LLC ("MWL") in the above-captioned action. Pursuant to Section IV(B) of Your Honor's Chambers Practices, MWL submits this letter requesting a pre-motion conference as MWL intends, in lieu of an answer, to file a motion to dismiss Plaintiff's Complaint ("Complaint") for lack of personal jurisdiction under Fed. R. Civ. Pro. 12(b)(2).

      Plaintiff's Complaint allegedly arises out of the shipment of approximately 40 containers from the United States to Klaipeda, Lithuania (See Complaint ¶¶45-50). Plaintiff is claiming damages from the defendants in the form of shipping-related charges and penalties, based on theories of breach of contract, negligence, fraud and violation of the Racketeer Influenced and Corrupt Organization Act (RICO) (See Complaint ¶¶57-114).

      The Complaint identifies MWL as a <u>New Jersey</u> limited liability company with offices in <u>New Jersey</u> (Complaint ¶10). Defendant MWL agrees.

      However, the Complaint claims that the Court has personal jurisdiction over MWL because it resides in or transacts business in New York (Complaint ¶26). Defendant MWL <u>disagrees and denies this allegation</u>.

      Other than these 2 bare allegations, Plaintiff makes no other jurisdictional claims against MWL nor alleges any facts connecting New York with the Plaintiff's claims. Accordingly, on the basis of the Complaint alone, the suit against MWL should be dismissed pursuant to Fed. R. Civ. Pro. 12(b)(2).

Defendant MWL is also prepared to support its position through an affidavit of the Managing Partner of MWL, Mr. Nelson Torna, which will show that:

1. MWL (an ocean transportation intermediary licensed by the U.S. Federal Maritime Commission) was not involved with, and did not perform any services with respect to, the shipments in question;

2. The underlying shipments at issue in the Complaint in any event were shipped to Lithuania from ports in <u>New Jersey</u>, and had no relation to the State of New York;

3. MWL has not transacted business in the State of New York and has never registered as a foreign corporation in New York; and

4. MWL does <u>not</u>:
   a. have an office in New York;
   b. have any employees in New York;
   c. solicit business in New York;
   d. advertise in New York;
   e. make any contracts in New York;
   f. have any bank accounts, personal property or real property in New York; nor
   g. have any telephone listings in any New York directory.

The William Systems, Ltd. v. Total Freight Systems, Inc., 27 F. Supp. 2d 386 (E.D.N.Y. 1998).

As such the Complaint should be dismissed as to MWL on the grounds that this Honorable Court does not have personal jurisdiction over MWL.

MWL respectfully requests a conference with Your Honor to discuss MWL's proposed Rule 12(b)(2) motion. MWL proposes that its motion be due one (1) week after the pre-motion conference, that Plaintiff's response brief be due fourteen (14) days thereafter, and that any reply brief be due within seven (7) days thereafter.

We thank Your Honor for considering the foregoing.

Respectfully submitted,

David Donald Gabel

cc: Hon. Ramon E. Reyes (Via ECF);

Marcus A. Nussbaum, Esq.
Attorney for Plaintiff (Via ECF and Facsimile 201-956-7071);

Richard L. Furman, Esq.
Attorney for Defendants, Atlantic Global, LLC, Jeff Lelchuk, Alex Feldman, Anastasia Madison (Via ECF and Facsimile 646-625-4045)