# MARCUS A. NUSSBAUM, ESQ.
Attorney at Law
P.O. Box 7042, New York, NY 10116 | 2019567071 |

April 23, 2012

**VIA ECF**
Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    <u>UAB Pamario Dvaras v. Atlantic Global, LLC., et. al.</u>
             <u>Case No. 12-CV-1257 (KAM)(RER)</u>

Dear Judge Matsumoto:

      I represent the Plaintiff, UAB Pamario Dvaras ("Plaintiff") in the above-referenced matter. This is in response to the letter dated April 18, 2012 from the attorneys for Defendant Mill Wright, LLC ("Mill Wright") requesting a pre-motion conference for permission to make a motion pursuant to FRCP 12(b)(2) prior to serving its Answer in this matter. For the reasons set forth below, it is respectively submitted that Mill Wright's anticipated motion at this stage of the proceedings is completely without merit.

      As set forth in detail in the Complaint, Plaintiff is a cargo forwarding company located at Klaipeda seaport in Klaipeda, Lithuania. Plaintiff operates a company which provides shipping, cargo forwarding, and other related services, and engages in the specific business of forwarding containerized automobiles received from the United States to various destinations across Europe. This action arises out of the breach of contract by defendants Atlantic Global, LLC ("ATL"), and Global Atlantic Logistics LLC ("GAL"), among others, who had directly contracted with Plaintiff to use its cargo forwarding services to forward automobiles originally shipped from the United States to various locations across Europe.

      In addition to Plaintiff's cause of action for breach of contract, the Complaint also asserts causes of action sounding in unjust enrichment, quantum meruit, account stated, and fraud under state law. With specific regard to Mill Wright, the Complaint asserts causes of action sounding in negligence and for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. §§ 1961 et seq. Plaintiff has specifically alleged that Mill Wright has either negligently, or knowingly violated its statutory duty to investigate whether ATL and GAL were properly licensed with the Federal Maritime Commission, and that Mill Wright's breach of this duty resulted in financial harm suffered by Plaintiff.

      As Mill Wright's counsel correctly states, Plaintiff has asserted that Mill Wright transacts business in New York, and that Mill Wright's activity in New York provides a basis for this Court's personal jurisdiction over Mill Wright. (Complaint ¶26) In support of this assertion, the Court is respectfully referred to the following two Bills of Lading which were issued by Mill

Honorable Kiyo A. Matsumoto, U.S.D.J.
April 23, 2012
Page 2 of 3

Wright, copies of which were originally annexed to the Complaint as Exhibit "B", and are further annexed hereto as Exhibit "A" for the Court's convenience. Both of the Bills of Lading clearly identify the following information:

    1.    They are issued by Mill Wright LLC;

    2.    Mill Wright is identified as the Shipper and as the Forwarding Agent;

    3.    The place of receipt by pre-carrier is identified as New York;

    4.    The Port of Loading is identified as New York;

    5.    The Place of Issue of the Bill of Lading is identified as New York.

It is respectfully submitted that these Bills of Lading issued by Mill Wright in New York are sufficient to defeat Mill Wright's proposed Rule 12(b) motion, and that they directly contradict any affidavit submitted by Mill Wright's Managing Partner in support of its assertion that it does not do business in New York.

It is well settled that where a court rules on a 12(b)(2) motion based on pleadings and affidavits, the plaintiff is only required to make a prima facie showing of jurisdiction over the defendant. *DiStefano v. Carozzi N. Am., Inc.*, 286 F.3d 81, 84 (2d Cir. 2001). While personal jurisdiction "must be established either at an evidentiary hearing or at trial," allegations submitted solely through competing affidavits are "construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiffs favor, notwithstanding a controverting presentation by the moving party." *A.I. Trade Fin., Inc. v. Petra Bank*, 989 F.2d 76, 79-80 (2d Cir. 1993). Plaintiff respectfully submits that the Bills of Lading, together with an affidavit from its Principal, will indeed make a prima facie showing of jurisdiction sufficient to defeat Mill Wright's motion, squarely within the meaning of the foregoing case law.

In the event that this Court decides to consider granting Mill Wright's application for leave to move for dismissal, pursuant to Rule 12(b)(2), Plaintiff respectfully requests that it be entitled to engage in pre-motion discovery regarding Mill Wright's contacts with the forum state. As such, it is respectfully submitted that a pre-motion conference be scheduled before Your Honor to further discuss this matter.

    Thank you.

                                                   Respectfully submitted,

                                                   Marcus A. Nussbaum

Honorable Kiyo A. Matsumoto, U.S.D.J.
April 23, 2012
Page 3 of 3


cc: Hon. Ramon E. Reyes (Via ECF)

　　　David Donald Gabel, Esq. (Via ECF)
　　　Attorney for Defendant Mill Wright, LLC

　　　Richard L. Furman, Esq.
　　　Attorney for Defendants, Atlantic Global, LLC, Jeff Lelchuk, Alex Feldman,
　　　Anastasia Madison (Via ECF)

　　　Ronald Saffner, Esq. (Via ECF)
　　　Attorney for Defendant Limco Logistics, Inc.