

| | 570 Lexington Avenue<br>8th Floor<br>New York, New York 10022<br><br>212 252 0004 PHONE<br>212 252 0444 FAX<br><br>www.cmk.com | 120 Mountain View Boulevard<br>Post Office Box 650<br>Basking Ridge, New Jersey 07920<br><br>908 848 6300 PHONE<br>908 848 6310 FAX |

May 1, 2012

Richard L. Furman
rfurman@cmk.com

<u>Via ECF and Regular Mail</u>
Judge Kiyo A. Matsumoto, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Chambers: Room N406

    Re:    UAB Pamario Dvaras v. Atlantic Global, LLC et al
            Civil Action 1:12-cv-01257-KAM-RER
            <u>Letter Requesting Pre-Motion Conference regarding Motion to Dismiss</u>
            Our File:  1214-2

Dear Judge Matsumoto:

      We represent Atlantic Global, LLC, Global Atlantic Logistics LLC, Jeff Lelchuk Alex Feldman, and Anastasia Madison, defendants in the above-referenced case.

      We seek to join in the application to dismiss under Rule 12(b)(2).  Additionally, we seek a conference regarding a motion to dismiss Counts V and VIII pursuant to 12(b)(6) as Plaintiff fails to satisfy the requirements of Fed. R. Civ. P. 9(b) and fails to plead the facts so as to satisfy the requirements espoused in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

      With respect to jurisdiction, Atlantic Global, LLC is located in Kearney, New Jersey. Atlantic Global, LLC does not have an office in New York and conducts its business out of the ports of New Jersey alone.  Moreover, both Jeff Lelchuk and Anastasia Madison are citizens of New Jersey without any significant ties to New York.  Furthermore, Global Atlantic Logistics is a Florida corporation registered and operating in Florida.  It has no offices or employees in New Jersey.  Thus, Plaintiff lacks jurisdiction over these defendants.

      Regarding the Motion to Dismiss pursuant to 12(b)(6), Plaintiff has made allegations of fraud and pursuant to the "Racketeer Influenced and Corrupt Organizations Act [18 USCA §§ 1961 et seq." (RICO). In seeking relief pursuant to fraud, Plaintiff makes broad allegations against all defendants failing to state with particularity, as required by Fed. R. Civ. P. 9(b), the

**CMK** CARROLLMCNULTYKULL LLC
COUNSELLORS AT LAW

Honorable Kiyo A. Matsumoto
Page 2
May 1, 2012

relevant circumstances which constitute fraud, or which would constitute a RICO cause of action. See, Econ. Opportunity Comm'n of Nassau County v. County of Nassau, Inc., 47 F. Supp. 2d 353, 361 (E.D.N.Y. 1999) (citing "Plount v. American Home Assurance Co., Inc., 668 F.Supp. 204, 206 (S.D.N.Y.1987) (holding that the concerns that require fraud to be pleaded with particularity are even more urgent in a civil RICO action)."). Moreover, while conditions of one's mind such as malice, intent, knowledge may be pled generally, Plaintiff makes no attempt to establish any allegation against any specific defendant.

Specific to its claims pursuant to RICO, Plaintiff fails entirely to satisfy the requirements for a prima facie cause of action, as outlined in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) and in Moss v. Morgan Stanley Inc., 719 F.2d 5, 17 (2d Cir. 1983). Moreover, Plaintiff provides no RICO statement or otherwise elucidates, to any degree, any actions by the defendants which may constitute "racketeering activity."

Consequently, defendants request this Honorable Court to consider the above grounds of dismissal during Friday's conference, or at this Honorable Court's earliest convenience.

Very truly yours,
CARROLL MCNULTY & KULL LLC

By
Richard L. Furman

cc: By ECF:
Marcus A. Nussbaum; David Donald Gabel; Gerard S. Doyle, Jr.; Ronald Saffner