# MARCUS A. NUSSBAUM, ESQ.

Attorney at Law

P.O. Box 7042, New York, NY 10116 | 2019567071 |

May 3, 2012

**VIA ECF**

Honorable Kiyo A. Matsumoto
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:    UAB Pamario Dvaras v. Atlantic Global, LLC., et. al.
        Case No. 12-CV-1257 (KAM)(RER)

Dear Judge Matsumoto:

As you already know, I represent the Plaintiff, UAB Pamario Dvaras ("Plaintiff") in the above-referenced matter. This is in response to the letter dated April 27, 2012 (Docket #16) by attorneys for defendant Limco logistics, Inc. ("Limco"). This is also in response to the letter dated May 1, 2012 (Docket #19) by attorneys for defendants Atlantic Global, LLC ("ATL"), Global Atlantic Logistics, LLC ("GAL"), Jeff Lelchuk, Alex Feldman, and Anastasia Madison. Both of these letters request permission to make a motion pursuant to FRCP 12(b)(2) prior to serving an Answer in this matter. For the reasons already set forth in plaintiff's response to defendant Mill Wright's request for a pre-motion conference, as well as those set forth below, there is no merit to defendants' contention that this Court lacks personal jurisdiction over them.

With specific regard to Limco, the Court is respectfully referred to the following two Bills of Lading issued by Limco, both of which were annexed to plaintiff's Complaint as Exhibit "A", and which are further annexed hereto as Exhibit "A" for the Court's convenience. Both of the Bills of Lading clearly identify the following information:

1.      They are issued by NYK Line, a foreign corporation registered to do business in New York;

2.      Limco is identified as the Shipper/Exporter;

3.      The Place of Receipt is identified as New York;

4.      The Port of Loading is identified as New York;

It is respectfully submitted that these Bills of Lading are sufficient to defeat Limco's proposed Rule 12(b) motion, in that they are prima facie evidence of Limco's business activities in New York.

Honorable Kiyo A. Matsumoto, U.S.D.J.
May 3, 2012
Page 2 of 3

   With respect to the remaining defendants, to wit: ATL, GAL, Jeff Lelchuk, Alex Feldman, and Anastasia Madison, the following allegations in plaintiff's Complaint are significant with respect to this Court's personal jurisdiction over them:

- Jeff Lelchuk is the president and/or Chief Operating Officer of ATL (Complaint ¶ 14)
- Jeff Lelchuk is the president and/or Chief Operating Officer of GAL (Complaint ¶ 15)
- At all relevant times hereinafter mentioned, ATL and GAL were affiliated with each other (Complaint ¶ 16)
- At all relevant times hereinafter mentioned, ATL and GAL were united in interest such that they are one and the same (Complaint ¶ 17)
- At all relevant times hereinafter mentioned, ATL and GAL were the alter/egos of each other (Complaint ¶ 18)
- At all times hereinafter mentioned, ATL and GAL had used the services of Limco and Empire (**a New York Corporation**) to arrange for and to purchase space aboard various ocean going vessels for the port to port transport of containerized automobiles, as further set forth below (Complaint ¶ 22)
- The operation and supervision of ATL's and GAL's day-to-day activities are conducted by Alex Feldman and Anastasia Madison who also represent themselves to be officers and/or managers of both companies (Complaint ¶ 33)

The foregoing allegations are significant in that they connect said defendants to each other under an alter/ego and veil piercing theory, by virtue of which, all of said defendants can be shown to have actively conducted business in New York. In support of this assertion, plaintiff annexes further documentation for the Court's review as Exhibit "B", which includes:

1.  Copies of three checks issued by ATL to two different trucking companies it uses during its regular course of business, both of which are located in Staten Island, New York;

2.  A printout from ATL's website which discusses the warehousing services it offers its clients, one of which is in New York[1];

3.  Copies of emails from defendants Jeff Lelchuk and Alex Feldman, which indicate that they are agents for Mill Wright, LLC, which plaintiff has already asserted is subject to personal jurisdiction in New York

---

[1] Plaintiff directs this Court's attention to the bottom of both website printouts, the first of which was downloaded from the internet archive and the second of which is what currently returns from the internet address www.atlglobal.us. The first printout clearly indicates the text "2009 © Atlantic Global LLC". Upon information and belief, ATL has changed this website subsequent to plaintiff filing suit, and the text now reads "2012 © Seahorse Express. All rights Reserved". The pages are identical in all other respects.

Honorable Kiyo A. Matsumoto, U.S.D.J.
May 3, 2012
Page 3 of 3


      Thus, plaintiff respectfully submits that there is an overabundance of evidence which shows that the defendants all have ties to New York sufficient to establish this Court's personal jurisdiction over them.

      As such, it is respectfully submitted that a pre-motion conference be scheduled before Your Honor to further discuss this matter.

      Thank you.

                            Respectfully submitted,

                            Marcus A. Nussbaum

cc:     Hon. Ramon E. Reyes (Via ECF)

       David Donald Gabel, Esq. (Via ECF)
       Attorney for Defendant Mill Wright, LLC

       Richard L. Furman, Esq.
       Attorney for Defendants, Atlantic Global, LLC, Jeff Lelchuk, Alex Feldman, Anastasia Madison (Via ECF)

       Ronald Saffner, Esq. (Via ECF)
       Attorney for Defendant Limco Logistics, Inc.